Manshardt v. Rott.

---

ELISE MANSHARDT, Respondent, v. DOROTHEA ROTT, Appellant.

St. Louis Court of Appeals, November 20, 1894.

The Evidence is considered, and *held* to support the finding and decree of the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

MODIFIED AND AFFIRMED.

*Henry Kortjohn* for appellant.

*John B. Roeder* and *E. P. Johnson* for respondent.

BOND, J.—This is a petition in equity for the cancellation of certain notes and the release of a deed of trust given to secure them, on the ground that the plaintiff had paid the amount of said notes to the authorized agent of defendant, who thereupon agreed to cancel and satisfy said deed of trust. Defendant answered, averring that three of the notes held by her and secured by the trust deed mentioned in the petition were unpaid, wherefore defendant sought by cross-bill to foreclose said deed of trust. Judgment for plaintiff. Defendant appealed.

On the trial the evidence was that plaintiff and her husband purchased of G. H. Quellmalz a certain

house and lot, upon which defendant held a mortgage to secure a debt of $2,000; that plaintiff desired to get a further loan of $500 on the property; that for this purpose she and her husband, after the conveyance to them, gave a deed of trust on the property to secure the following notes, made payable to G. H. Quellmalz, who indorsed them to defendant, to wit: One principal note for $500, due November 15, 1891; a like note for $1,000, due November 15, 1892, and a similar note for $1,000, due November 15, 1893; also two interest notes, dated November 15, 1890, for the sum of $75 each, and due in six and twelve months after date; two like notes, of said date, for $60 each, due in eighteen and twenty-four months after date; and two other notes of same date, due thirty and thirty-six months thereafter, for the sum of $30 each.

Upon the execution and delivery of all of said notes, the former deed of trust on said property was released, and $500 in cash was given to the plaintiff.

The first conflict in the testimony given on the trial of this case arises from the different statements made by the parties as to what was said when the plaintiff called upon the defendant to make payment of the first maturing note. Plaintiff states, in substance, that she took the money in her hand and, after finding defendant, proffered to pay the note; that defendant replied: "Well, I can't take the money, you will have to pay it to Mr. Quellmalz; he attends to my business." On the other hand defendant's version of the interview is, that she declined to receive the money because she did not have the note with her; that she told plaintiff to meet her the following Saturday at the office of Quellmalz, and that she would bring the note there and deliver it on payment to plaintiff; and that plaintiff agreed to come at the appointed time. The undisputed facts are that plaintiff, after this con-

versation with defendant, went direct to the office of Quellmalz and finding him absent called again, as she was directed, on Monday, the next secular day thereafter, and paid him the amount of the note in question, taking his receipt for such payment; that, on the next Saturday, defendant called at the office of Quellmalz and received the money given him by plaintiff in payment of the note.

It will be perceived that the action of the plaintiff in going immediately to the office of the designated agent, is in entire accord with her account of the directions given by defendant. This fact and her second call on the next business day at said office, and the payment of the sum due on said note, clearly show her understanding of the statements of defendant as to the nature and extent of the authority of said Quellmalz to receive the money, and, taken in connection with the subsequent action of defendant in accepting and appropriating the money so given to Quellmalz in satisfaction of the note, constitute sufficient ground for plaintiff to regard Quellmalz as the agent of defendant to the extent to which he had thus been held out as such. We have also less hesitation in finding that plaintiff's account, *supra*, of what was said by defendant as to the agency of said Quellmalz is better entitled to belief than that given by defendant, when we consider other facts shown in the present record. It is undisputed that plaintiff never saw the defendant after the foregoing communication, until plaintiff had paid to Quellmalz for defendant on account of the loan in question the sum of $2,818, such payments extending over a period of several years. Neither is the payment of this sum questioned by defendant; her only claim is that a portion of it was paid, while the notes upon which it should have been applied were not in the possession of Quellmalz, and that he has never

turned over to her a part of the amount so received by him. In fact, as far as the record shows, the defendant put the whole matter of the collection of the various notes given for the loan into the hands of Quellmalz, and never had any communications after the first one with plaintiff, until Quellmalz had absconded and failed to pay over to defendant the greater part of the money collected by him from the plaintiff. The receipts given by Quellmalz to plaintiff for her subsequent payments, and also the notes which he turned over to her for certain of these payments, were all placed in the hands of Mr. Quellmalz on the twenty-fifth of May, 1893, when plaintiff paid him a balance of $1,648, to complete the payment of all the notes over due, and one of the notes which had about six months to run. Plaintiff's account of this transaction, which is sustained by the weight of evidence, is that the receipts and notes which had been delivered to her for prior payments were then handed to Mr. Quellmalz upon his express agreement, stated by him to be on the authority of the defendant, to cancel and annul the deed of trust.

We have every reason to believe from the circumstances in this case that Quellmalz not only made such an agreement when the papers were delivered to him for that purpose, but also that he was so authorized by the defendant. Among other circumstances significant of this is the fact that, at the time he received this balance of $1,648 from the plaintiff, one of the thousand dollar notes held by defendant was six months over due. On this note it also appears that Quellmalz had received partial payments, amounting to $400 before it matured, and in two of his receipts given for such partial payments had specified that the amounts were received *on the loan*. That defendant had allowed said note to run six months after maturity without a word

of disapprobation or notice to the plaintiff, affords a fair inference that she was aware of the partial payments which had been made thereon, and of the agreement testified to by plaintiff on the part of Quellmalz, that plaintiff might pay up the whole loan out of certain insurance money which she had received, and that the deed of trust should be canceled.

We are satisfied, after a careful examination of all the testimony in this case, that the finding of the chancellor of authority on the part of Quellmalz, implied by the conduct and acquiescence of plaintiff, to receive the payments made by plaintiff, was correct.

Appellant, however, insists that the decree of the trial court was erroneous in not awarding defendant $42 instead of the sum allowed. This assignment of error is well taken. According to the undisputed evidence in this case plaintiff, prior to November 15, 1892, had paid all notes maturing before that date, and had also made a partial payment of $400 on the thousand dollar note then maturing. Taking these facts as a basis, the loan account thereafter would stand, on May 15, 1893, when the settlement between plaintiff and Quellmalz was agreed upon, to wit:

| | |
|---|---|
| Due defendant on note maturing November 15, 1892.. .........$ | 600 00 |
| Six months interest thereon at ten per cent. per annum......... | 30 00 |
| Due defendant on $1,000 note maturing November 15, 1893..... | 1,000 00 |
| Two interest notes not shown to be paid, $30 each........ ..... | 60 00 |

$1,690 00

Subtracting from the above aggregate the amount paid by plaintiff on settlement agreed upon May 15, 1893, to wit, $1,648, it will be seen that a balance of $42 was due defendant. The finding of the trial judge only awarded defendant $16 instead of $42 due her, as shown above, and in that respect was incorrect. Judgment will, therefore, be entered in this court decreeing defendant $42 instead of the sum awarded her by the

trial court.   As thus modified the judgment of the trial court will be affirmed, and the costs of the two courts taxed against the plaintiff.   All concur.